```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Paul Dionne

    v.                                         Civil No. 17-cv-142-PB

United States Department of
Veterans Affairs et al.[1]


**REPORT AND RECOMMENDATION**

Pro se plaintiff, Paul Dionne, has filed a complaint in this action (Doc. No. 1). The matter is before the court for preliminary review, pursuant to LR 4.3(d) and 28 U.S.C. § 1915(e)(2).

Standard

The magistrate judge conducts a preliminary review of complaints filed pro se and in forma pauperis. The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be

---

[1]Plaintiff has named the following defendants to this action: United States Department of Veterans Affairs ("VA") Secretary David J. Shulkin; Ann Brown, Director, VA Greater Los Angeles Healthcare System; and Christine Pons, Chief of Communications, VA Greater Los Angeles Healthcare System. The court construes the complaint as intending to name the VA itself as an additional defendant, regarding the claim plaintiff has asserted under the Freedom of Information Act.

granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

**Background**

Plaintiff alleges that he is a member of the press preparing an exposé regarding the VA Greater Los Angeles Healthcare System ("VAGLAHS") West Los Angeles Medical Center. Plaintiff asserts that he attempted to record videos at that facility related to his exposé, and that he sought to obtain access to information about VAGLAHS that could result in his receiving compensation.

Plaintiff states that defendant Christine Pons, VAGLAHS Chief of Communications, denied plaintiff access to VAGLAHS's West Los Angeles campus to record videos in August 2016 and on specific dates in April 2017.  Further, VAGLAHS Director Ann Brown and Pons, working together, scheduled a public information session conflicting with dates in April 2017 that plaintiff had

proposed for video production. Plaintiff alleges that the scheduling of that event was undertaken to interfere with his plan to take videos and obtain compensation for his report and videos. Additionally, plaintiff claims that the VA failed to respond to a Freedom of Information Act ("FOIA") request that Dionne mailed to Pons in February 2017.

**Discussion**

**I.  RICO Claims**

Plaintiff asserts claims of violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"). RICO "makes it criminal 'to conduct' an 'enterprise's affairs through a pattern of racketeering activity,' 18 U.S.C. § 1962(c), defined as behavior that violates certain . . . enumerated federal statutes or state laws addressing specified topics and bearing specified penalties." Rotella v. Wood, 528 U.S. 549, 552 (2000). A "pattern" of racketeering requires at least two predicate acts. Id. (citing 18 U.S.C. § 1961(5)). The prohibited acts of racketeering include, among other conduct, witness tampering and retaliation, mail and wire fraud, and extortion. See 18 U.S.C. § 1961(1).

Any person who is "injured in his business or property" by

a RICO violation may bring a civil action for treble damages and attorney fees. 18 U.S.C. § 1964(c). A RICO plaintiff must show that a predicate act of racketeering caused the complained-of injuries. See Beck v. Prupis, 529 U.S. 494, 504-07 (2000). The predicate act must be the proximate cause of those injuries, not only the cause-in-fact. Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 268 (1992); Kaiser Found. Health Plan, Inc. v. Pfizer, Inc. (In re Neurontin Mktg. & Sales Prac. Litig.), 712 F.3d 21, 34-40 (1st Cir. 2013).

Plaintiff has failed to plead facts to state a claim that defendants engaged in any acts of racketeering that proximately caused him injury. Plaintiff has thus failed to state a claim under RICO upon which relief can be granted. Accordingly, plaintiff's RICO claims should be dismissed from this action.

**II.  Fourteenth Amendment Claims under 42 U.S.C. § 1983**

Plaintiff asserts claims alleging violations of his Fourteenth Amendment rights, under 42 U.S.C. § 1983. Section 1983 provides for a cause of action for a plaintiff who alleges that his constitutional rights were violated by state actors. Plaintiff names only federal defendants, who are not alleged to have taken any action under color of "state" law. Accordingly, the plaintiff's claims of violations of the Fourteenth

Amendment, arising under section 1983, should be dismissed, for failure to state a claim upon which relief can be granted.

### III. Claims for Damages against Supervisors

Plaintiff alleges that VAGLAHS Director Ann Brown and VA Secretary David J. Shulkin are liable to him based on Pons's acts. Plaintiff alleges that Pons, "operating at the direction of Brown," prevented him from obtaining videos to substantiate his story, which he could have sold to the national media.

Without issuing any opinion at this stage of the case regarding whether a claim for damages against an individual federal employee in her personal capacity may be based on that employee's alleged violation of a plaintiff's First Amendment rights, cf. Casey v. Dep't of Health & Human Servs., 807 F.3d 395, 401 (1st Cir. 2015) (noting lack of Supreme Court and First Circuit cases extending Bivens remedy to encompass First Amendment claims (Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971))), the district judge should dismiss the claims at issue to the extent they are asserted against Shulkin in his individual capacity. "Because vicarious liability is inapplicable to Bivens . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556

U.S. at 676.  In general, supervisory liability in such cases lies only where "an affirmative link between the behavior of a subordinate and the action or inaction of his supervisor exists such that the supervisor's conduct led inexorably to the constitutional violation."  <u>Maldonado v. Fontanes</u>, 568 F.3d 263, 275 (1st Cir. 2009) (internal quotation marks and citation omitted).  While Dionne alleges facts regarding Brown directing Pons, stripped of legal conclusions, the complaint does not allege any similar facts regarding Shulkin to state a claim that Shulkin's own acts or omissions led inexorably to a violation of plaintiff's rights under the First Amendment.  Accordingly, the claims for damages against Shulkin should be dismissed, and he should be dropped as a defendant from this case.

**IV.  Remaining Claims**

In an Order issued this date, the court directs service of this matter on defendants Pons, Brown, and the VA, without prejudice to defendants' ability to move to dismiss those claims on any valid basis.

## Conclusion

For the foregoing reasons, the district judge should dismiss plaintiff's claims under RICO, the Fourteenth Amendment,

6

and 42 U.S.C. § 1983, and drop defendant Shulkin from this case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

                                                _____
                                                Andrea K. Johnstone
                                                United States Magistrate Judge

May 2, 2017

cc: Paul Dionne, pro se