UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Paul Dionne**

    v.                                          Case No. 17-cv-142-PB
                                                   Opinion No. 2017 DNH 241

**United States Department of
Veterans Affairs, et al.**

### MEMOANDUM AND ORDER

Paul Dionne is a New Hampshire resident who operates a website known as "Veterans News Today." Dionne hoped to publish an expose regarding the misuse of property located in Los Angeles, California by the Veterans Administration ("VA"). He alleges that two VA employees, Ann Brown and Christine Pons violated his First Amendment rights by initially denying him access to the property to make video recordings.

Dionne filed a complaint in this court on April 14, 2017 naming Brown, Pons, and the Secretary of Veterans Affairs, David Shulkin as defendants. Dionne's claims against Shulkin were later dismissed and the court construed the complaint to also assert a Freedom of Information Act claim against the VA. Thus, the claims before the court are Dionne's First Amendment claims

against Brown and Pons and his Freedom of Information Act claim against the VA.

Defendants have filed a motion to dismiss arguing that the court lacks both personal jurisdiction and venue over Dionne's claims against Brown and Pons. For the reasons set forth below, I dismiss those claims without prejudice.

## I. **ANALYSIS**

The general venue statute, 28 U.S.C. § 1391(b), provides that venue exists in "(1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Applying § 1391(b) to the present facts, it is self-evident that I do not have venue over Dionne's claims against Brown and Pons under any of the general venue statute's three subsections. Section 1391(b)(1) is inapplicable because Brown and Pons reside

in California, § 1391(b)(2) does not apply because Dionne's claims are based on events or omissions that occurred in California, and § 1391(b)(3) cannot serve as a basis for venue because venue exists in the Central District of California, Western District, where a substantial part of the relevant events occurred.

28 U.S.C. § 1391(e)(1) authorizes a plaintiff to sue an officer or employee of the United States for actions taken in an official capacity in the district where the plaintiff resides, but this provision does not apply here because Dionne has sued the defendants for damages in their individual capacities. See Stafford v. Briggs, 444 U.S. 527, 544-545 (1980) (holding that § 1391(e) does not apply to claims against government employees who are sued in an individual capacity).[1]

## II.  CONCLUSION

For the reasons set forth in this Memorandum and Order, defendants' motion to dismiss (Doc. No. 15) is granted to the extent that Dionne's claims against Brown and Pons are dismissed

---

[1]  Although Dionne also asked the court for an injunction requiring Brown and Pons to give him access to the property on either April 17 or 19, it appears that his request for injunctive relief is moot because defendants voluntarily gave Dionne access to the property on April 17.  Accordingly, venue cannot be based on Dionne's claim for injunctive relief.  See Cameron v. Thornburg, 983 F.2d 253, 256-57 (D.C. Cir. 1993).

without prejudice for lack of venue.  Dionne remains free to refile his claims against Brown and Pons in another jurisdiction with venue.  The only claim that remains is Dionne's Freedom of Information claim against the VA.

    SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

November 21, 2017

cc: Paul Dionne, Esq.
    Terry Ollila, AUSA